UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BILL W. MCFARLAND,

        Plaintiff,

vs.                                          Case No. 3:09-cv-598-J-32MCR

CONSECO LIFE INSURANCE COMPANY,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss, or, in the Alternative, to Strike Plaintiff's Claim for Punitive Damages (Doc. 10) filed September 11, 2009. Plaintiff filed a response in opposition to this motion (Doc. 12) on September 24, 2009. Accordingly, the matter is now ripe for judicial review.

Defendant seeks to strike Plaintiff's demand for punitive damages on the grounds that the claims are conclusory and do not provide specific allegations of fact to justify an award of punitive damages. (Doc. 10). In support of its assertion, Defendant cites the pleading standard set forth in Section 768.72 of the Florida Statutes.[1] Id. Plaintiff responds that his claims are sufficient to survive a motion to dismiss or strike. (Doc.

---

[1] The relevant portion of the statute provides: "In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure." § 768.72(1), Fla. Stat.

-1-

12). In support of his assertion, Plaintiff cites Rule 8(a)(3) of the Federal Rules of Civil Procedure as the applicable pleading standard in the instant case.[2] (Doc. 12).

In cases of diversity jurisdiction, where a state law conflicts with a federal procedural rule, the conflicting portion of the state law does not apply. Cohen v. Office Depot, Inc., 184 F.3d 1292, 1298 (11th Cir. 1999), vacated in part on other grounds, 204 F.3d 1069, 1076-77, 1083 (11th Cir. 2000).  The Eleventh Circuit has held that the portion of Florida Statute Section 768.72 prohibiting pleading punitive damages in the initial complaint conflicts with Federal Rule of Civil Procedure 8(a)(3) and therefore does not apply. Id.  However, the court also determined the substantive pleading standard Section 768.72 (requiring a "reasonable showing" that demonstrates "a reasonable basis for recovery of such damages") does not conflict with Federal Rule of Civil Procedure 8(a)(2) (permitting a "short and plain statement of the claim") because a prayer for punitive damages is not a "claim" within the meaning of that Rule. Id. at 1297; see also Hogan v. Provident Life & Acc. Ins. Co., 2009 WL 2169850, at *5 (M.D. Fla. July, 20, 2009).  Thus, as suggested by the Eleventh Circuit in a later case interpreting Cohen, the substantive pleading requirements for punitive damages in Florida Statute Section 768.72 remain intact even when read in conjunction with Federal Rule of Civil Procedure 8(a)(2) . Porter v. Ogden, Newell & Welch, 241 F.3d 1334, 1340-41 (11th Cir. 2001)(explaining the holding in Cohen that "merely setting forth

---

[2] The relevant portion of the rule provides: "[a] pleading which sets forth a claim for relief ... shall contain ... a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a)(3).

conclusory allegations in the complaint is insufficient to entitle a claimant to recover punitive damages," and "a plaintiff must plead specific acts committed by a defendant").

This Court has previously granted motions to strike claims for punitive damages where "the allegations in all of the counts of the complaint are conclusory and largely parrot the statutory language". Hogan, 2009 WL 2169850, at *6. However, that is not the case here. The Court finds the allegations set forth in Plaintiff's Complaint do not parrot the statutory language, rather; they set forth fact specific allegations relating to the intentional misconduct and gross negligence of the defendant. (Doc. 1, ¶¶ 24, 25, 26, 28, 29, 48, 49, 53). Therefore, Plaintiff's Complaint contains a reasonable showing that demonstrates a reasonable basis for the recovery of punitive damages.[3]

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion to Dismiss, or, in the Alternative, to Strike Plaintiff's Claim for Punitive Damages (Doc. 10) is **DENIED**.

---

[3]The Court is not making a determination as to the validity of Plaintiff's allegations. Rather, the Court finds that Plaintiff's entitlement to punitive damages is a factual issue that need not be decided at this stage of the litigation. See Moore v. Federated Retail Holdings, Inc., 2008 WL 596109, at *2 (M.D. Fla. 2008).

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  2nd  day of October, 2009.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record